NOT DESIGNATED FOR PUBLICATION

No. 127,728

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN GUZMAN II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed March 21, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HURST, P.J., HILL and ARNOLD-BURGER, JJ.

PER CURIAM: Juan Guzman II appeals the district court's order revoking his probation and imposing a modified prison sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). After reviewing the record and the arguments in Guzman's motion and the State's response, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL HISTORY

In November 2023, Guzman pleaded guilty to aggravated assault in exchange for the dismissal of a criminal threat charge. Under the plea agreement, the State also agreed

1

to recommend that Guzman be sentenced using the midrange term in the appropriate Kansas Sentencing Guidelines grid box, the sentence imposed would run consecutive to any other case, and the State agreed not to object to a dispositional departure to probation.

The district court followed the plea agreement at sentencing by imposing an underlying 32-month prison sentence based on his A criminal history score and then granting a dispositional departure to a 24-month probation term. As part of the probation conditions, the court also ordered Guzman to complete an application for the Veteran's Treatment Court program with the expectation that his probation supervision would transfer to that program if accepted.

About three weeks after sentencing, the State filed a warrant alleging Guzman had violated his probation in several ways. Guzman stipulated to the violations at a hearing on the motion, admitting to incident reports showing that he was highly intoxicated at the Robert J. Dole VA Medical Center and told to leave, and another incident report showing he was intoxicated on a separate occasion. Guzman also admitted he failed to report to his supervising probation officer.

Turning to the appropriate disposition, the State recommended revoking Guzman's probation. Guzman, however, asked the court to impose an intermediate sanction, referencing his substance abuse issues. Guzman explained he had completed several treatment programs already and wished to contact the Domiciliary Care program for veterans in Leavenworth to receive treatment through a six-month program there. The district court revoked Guzman's probation but modified his underlying sentence to 26 months' incarceration. The court found that Guzman was not amenable to probation based on his previous history of failing to refrain from using alcohol.

Guzman timely appeals.

ANALYSIS

Guzman argues the district court abused its discretion when it revoked his probation and imposed a modified sentence rather than imposing an intermediate sanction and reinstating probation.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review a district court's decision to revoke a person's probation for abuse of discretion. 315 Kan. at 328. A judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

When a person violates the terms of their probation, a district court ordinarily must first impose intermediate jail sanctions before revoking probation altogether. K.S.A. 22-3716(c)(1)(C). But as Guzman acknowledges, the district court could bypass this requirement since he received probation as the result of a dispositional departure. K.S.A. 22-3716(c)(7)(B).

Guzman does not claim the district court based its decision to revoke his probation on a legal or factual error, so this court must determine whether the court's decision was unreasonable under the circumstances. Guzman notes his probation violations included alcohol use, which he asserts had also contributed to his underlying aggravated assault conviction. Guzman contends a jail sanction would have allowed him to receive a substance abuse evaluation, which would further allow him to receive needed treatment.

Although reasonable people could differ about whether to reinstate Guzman's probation and allow him to receive treatment for his alcohol abuse issues, we cannot say that no reasonable person would agree with the district court's decision here. Guzman

3

was given a dispositional departure from a presumptive prison sentence, encouraged to apply for the Veteran's Treatment Court which would have allowed him to access veteran's benefits related to substance abuse treatment. Yet, he continued to drink alcohol, and he did not even meet the most basic requirement of probation—meeting with his probation officer. Our review of the record shows the district court did not abuse its discretion under these circumstances when it revoked Guzman's probation and ordered him to serve a modified prison sentence.

Affirmed.